# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

TYRESS ROBINSON,

       Defendant-Appellant.

UNPUBLISHED
April 23, 2015

No. 319244
Muskegon Circuit Court
LC No. 12-062470-FH

Before: METER, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right from his conviction by a jury of possession with intent to deliver less than 50 grams of heroin, MCL 333.7401(2)(a)(iv). The trial court sentenced him as a fourth-offense habitual offender to 28 months' to 40 years' imprisonment. We affirm.

Defendant argues that the trial court abused its discretion and denied him due process of law by admitting evidence in violation of MRE 404(b). We review a trial court's decision to admit or exclude evidence for a clear abuse of discretion. *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998). An abuse of discretion is found when the trial court's decision falls outside the range of reasonable and principled outcomes. *People v Murphy (On Remand)*, 282 Mich App 571, 578; 766 NW2d 303 (2009).

Police officers seized heroin from the house of Joseph Krazik, who allowed defendant to store heroin there in exchange for heroin for Krazik's personal use. This heroin formed the basis for defendant's conviction. The evidence being challenged on appeal involved a traffic stop that was conducted approximately three days after the heroin was seized from Krazik's house. During the traffic stop, officers seized another quantity of heroin from defendant after it fell from his pant leg[1] and found a key to the safe in which they had found the heroin at Krazik's house. Following his arrest, defendant admitted to a detective that at least a portion of the heroin seized from Krazik's house belonged to him and that he had purchased the additional heroin in Chicago.

---

[1] The charged crime did not include this additional heroin; rather, the additional heroin was the subject of separate proceedings.

-1-

Defendant admitted to the detective that he sold heroin. Krazik testified that defendant regularly obtained heroin from Chicago.

Although it was admitted under MRE 404(b), we find that the challenged evidence was admissible as res gestae evidence. When evidence of other criminal acts is part of the res gestae of an offense, the evidence is admissible for the jury to hear the complete explanation of the circumstances. *People v Sholl*, 453 Mich 730, 742; 556 NW2d 851 (1996). As stated in *Sholl*, *id*. at 741, "it is essential that prosecutors and defendants be able to give the jury an intelligible presentation of the full context in which the disputed events took place." Res gestae evidence is evidence that is "so blended or connected with the crime of which [the] defendant is accused that proof of one incidentally involves the other or explains the circumstances of the crime." *Id*. at 742 (citation and quotation marks omitted).

The record indicates that, after police seized the heroin at Krazik's house, defendant made a trip to Chicago to acquire more. The officers found this additional heroin during the traffic stop, as well as the key to the safe at Krazik's house. The complete story of this case includes defendant's arrest and the statements regarding the crime that he made following his arrest. The challenged evidence was "so blended or connected" with the charged crime that it was admissible as res gestae evidence. *Id*. (citation and quotation marks omitted).[2]

The evidence was admissible and defendant was not denied due process of law. See, generally, *Manning v Rose*, 507 F2d 889, 894-895 (CA 6, 1974).

Affirmed.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Mark T. Boonstra

---

[2] Even if the evidence had not been admissible as part of the res gestae of the offense, it was also admissible, in light of the timing of the initial seizure and the traffic stop, to show a scheme of purchasing heroin in Chicago and storing it in a safe at Krazik's house for resale. See, generally, *People v Hine*, 467 Mich 242, 251; 650 NW2d 659 (2002).